IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARLTON GARY,
    Plaintiff,

vs.                               Case No.:  5:13cv417/RS/EMT

ARAMARK CORRECTIONAL SERVICES,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action filed pursuant to 42 U.S.C. § 1983. It is now before the court on Plaintiff's Second Amended Complaint (doc. 18). Leave to proceed in forma pauperis has been granted (doc. 5).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that this action should be dismissed.

I.     BACKGROUND

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), names Aramark Correctional Services ("Aramark") as the sole Defendant in this case (doc. 18 at 1, 2). He alleges on January 15, 2009, while he was imprisoned at Polk Correctional Institution ("Polk C.I."), he and several inmates were sickened with food poisoning from a "nutria soybean meat product" they ate in the institution's cafeteria (doc. 18 at 5–6; *see also* doc. 1 at 2; doc. 9 at 5–6). Plaintiff alleges Aramark was the food service provider to Polk C.I. in 2009 (doc. 18 at 5). He alleges he experienced diarreha, "periodical stomach grips," cramps, and loss of appetite for meat (*id.*). He alleges he provided blood and stool samples to the institution's medical department as part of his annual physical examination, and a few weeks later, a doctor advised him he was suffering from

food poisoning (*id.*). Plaintiff alleges the doctor prescribed niacin and aspirin to treat the food poisoning, and he took the niacin and aspirin for over one year (*id.*).

Plaintiff alleges Aramark was aware of a risk that inmates would suffer "side effects" from the "unsafe soybean meat product" at the time it was serving the food product to inmates (doc. 18 at 6). He alleges Aramark knowingly purchased and distributed the "illegal" food product to prisons in violation of "the F.D.A. code of approval" (*id.*); but he also alleges the United States Department of Agriculture approved distribution of the food product to prisons (*see* doc. 1 at 1, 3). Plaintiff alleges Aramark stopped serving the food product after 2009 (doc. 18 at 6).

Plaintiff claims that Aramark's conduct violated his Eighth and Fourteenth Amendment rights (doc. 18 at 6, 7). As relief, he seeks punitive damages in the amount of $1,000,000 and any additional relief the court deems just (*id.* at 7).[1]

II.   ANALYSIS

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer

---

[1] Plaintiff filed separate lawsuits against Polk C.I. and Jackson C.I. alleging negligence by medical staff, *see* Gary v. Polk Medical Institution, Case No. 5:13cv414/WS/CJK and Gary v. Jackson Medical, et al., Case No. 5:13cv415/RS/GRJ. He also filed a lawsuit against the United States Department of Agriculture for failing to properly inspect the quality of the food product and failing to require proper labeling, *see* Gary v. United States Department of Agriculture, Case No. 5:13cv413/MMP/EMT. Plaintiff additionally filed lawsuits against two food distribution companies for their alleged negligence in supplying the food product to Aramark, *see* Gary v. Cisco, Case No. 5:13cv412/RS/CJK and Gary v. M & S Food, Case No. 5:13cv416/WS/CJK.

Case No.: 5:13cv417/RS/EMT

possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Finally, in civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted).

Initially, the statute of limitations for Plaintiff's claim expired prior to the date he filed his initial complaint in this case. Because § 1983 does not contain a specific statute of limitations, 42 U.S.C.A. § 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations. Additionally, the Supreme Court has stated that courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal injury. *See* Wilson v. Garcia, 471 U.S. 261, 276 (1985). The Court has also stated that the statute, once selected, should govern all § 1983 actions arising in that state. *Id.* at 275; *see also* Jones v. Preuit & Mauldin, 763 F.2d 1250, 1252 (11th Cir. 1985) (citations omitted). The applicable statute of limitations in Florida is four (4) years. *See* Baker v. Gulf & W. Indus., 850 F.2d 1480, 1481 (11th

Cir. 1988); Fla. Stat. § 95.11(3) (1991).  Although the court applies Florida law in this regard, federal law determines the date on which the statute begins to run.  Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003). The Eleventh Circuit has held that the statute of limitations begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  *Id.* (citation omitted).  The running of the statute of limitations is a sufficient ground to justify dismissal of a claim.  Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003); Clark v. Ga. Pardons and Paroles Board, 915 F.2d 636, 641 n.2 (11th Cir. 1990).

Plaintiff states he was sickened from the food product on January 15, 2009.  On that date, or certainly within a few weeks thereafter, the facts which would support a cause of action should have been apparent to a person with a reasonably prudent regard for his rights. Thus, Plaintiff's cause of action accrued in early 2009.  More than four (4) years elapsed between the time the action accrued in early 2009 and the date Plaintiff commenced this civil rights action, on December 26, 2013 (*see* doc. 1).[2]  It therefore is clear from the face of the complaint that the four-year period had expired at the time the initial complaint was filed.  Plaintiff was informed in the court's order directing amendment that he must explain why this case should not be dismissed as time-barred (*see* doc. 14).  Plaintiff has failed to offer any such explanation, however, and from the allegations of the complaint it is evident that Plaintiff "can prove no set of facts which would avoid a statute of limitations bar."  Hughes, 350 F.3d at 1163.  Dismissal of this action on statute of limitations grounds is therefore warranted.

Additionally, the facts do not plausibly state an Eighth Amendment claim.  The Eighth Amendment requires that, at the minimum, all claims challenging conditions of confinement must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety.  Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981);

---

[2] Although Plaintiff does not allege when he provided the blood sample which led to the diagnosis a few weeks later, a reasonably prudent inmate suffering from Plaintiff's symptoms on January 15, 2009, would have sought medical treatment to determine the cause of the symptoms shortly after their onset, and would not have waited a matter of months to determine the cause.

Case No.:  5:13cv417/RS/EMT

*see also* Hamm v. DeKalb Cnty., 774 F.2d 1567, 1571–72 (11th Cir. 1985). Furthermore, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes, 452 U.S. at 347.

The Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions. *See* Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).

> First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). The challenged condition must be "extreme." *Id.* at 9, 112 S. Ct. at 1000. While an inmate "need not await a tragic event" before seeking relief, Helling v. McKinney, 509 U.S. 25, 33, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.* at 35, 113 S. Ct. at 2481. Moreover, the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. *Id.* at 36, 113 S. Ct. at 2482. The Eighth Amendment thus guarantees that prisoners will not be "deprive[d] . . . of the minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347, 101 S. Ct. at 2399.

Chandler, 379 F.3d at 1289–90.

The second part of the two-part analysis is the "subjective component:"

> [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. Hudson, 503 U.S. at 8, 112 S. Ct. at 999 (marks and citation omitted). The proper standard is that of deliberate indifference. Wilson v. Seiter, 501 U.S. 294, 303, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991). Negligence does not suffice to satisfy this standard, *id.* at 305, 111 S. Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994). In defining the deliberate indifference standard, the Farmer Court stated: [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both

>be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837, 114 S. Ct. at 1979. Furthermore, the official may escape liability for known risks "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844, 114 S. Ct. at 1982–83.

Chandler, 379 F.3d at 1289-90.

A private entity or corporation like Aramark may be held liable under section 1983 "where a function which is traditionally the exclusive prerogative of the state . . . is performed by a private entity." Ancata v. Prison Health Serv., Inc., 769 F.2d 700, 703 (11th Cir. 1985). In order to establish that Aramark is directly liable for the alleged constitutional violation, Plaintiff "must provide evidence that there was a relevant policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories); *see also* Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975–76 (8th Cir. 1993) (no § 1983 liability for corporation acting under color of state law unless unconstitutional conduct resulted from corporation policy or custom, and corporation cannot be held liable under § 1983 on theory of respondeat superior).

The Second Amended Complaint fails to allege an unconstitutional policy, or a series of events from which this court could infer the existence of a policy that resulted in a constitutional violation. Plaintiff has not included a single detail alleging it was Aramark's policy to serve him food that would make him sick. He alleges Aramark was aware of a risk that inmates would suffer "side effects" from the "unsafe" food product, and in support of this assertion he states Aramark knew the product was not approved by the FDA. However, he admits that the USDA approved distribution of the food product to prisons. These allegations fail to plausibly suggest that at the time Aramark was serving the food product to inmates, it was aware that the product posed a substantial risk of serious harm to inmates' health, or that Aramark was aware of facts from which this inference could be drawn. Therefore, Plaintiff's allegations fail to state a plausible Eighth Amendment claim.

To the extent Plaintiff contends Aramark's conduct violated his due process rights under the Fourteenth Amendment, he cannot state a plausible due process claim. If a constitutional claim is

covered by a specific constitutional provision, such as the Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.  *See* Cnty. of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S. Ct. 1708, 1715, 140 L. Ed. 2d 1043 (1998) (citations omitted).  Thus, substantive due process analysis is inappropriate if Plaintiff's claim is covered by another constitutional amendment.  *Id.*  In the instant case, Plaintiff's claim is covered by the Eighth Amendment; therefore, his due process claim should be dismissed.

Accordingly, it respectfully **RECOMMENDED**:

That Plaintiff's claims be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this 9th day of May 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**